ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ROBERTO QUIÑONES LÓPEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300436 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Número de Querella: 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 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

El señor Roberto Quiñones López (Sr. Quiñones; recurrente), comparece ante nosotros *in forma pauperis*, mediante un recurso de revisión administrativa sobre una determinación administrativa emitida por el Departamento de Corrección y Rehabilitación (DCR), que encontró incurso al recurrente por violación de una norma disciplinaria y fue sancionado, conforme a lo dispuesto en el *Reglamento para establecer el procedimiento disciplinario de la Población Correccional*, Reglamento Núm. 9221 de 8 de octubre de 2020 (Reglamento 9221).

Adelantamos que se desestima el recurso por tardío.

**I**

El Sr. Quiñones, se encuentra confinado en la Institución Correccional Bayamón 501 del DCR. Expone en su recurso que el 21 de diciembre de 2022, se le radicó una querella bajo el Código 139 sobre estar bajo los efectos de alcohol o cualquier tipo de bebida embriagante o sustancia controlada o medicamento, y que en esa fecha llenó un "sick call" temprano en la mañana porque se sentía muy mal de salud. Añade médicos que, al regresar del "sick call" a eso del mediodía, recogió la comisaría, se fue a su cuarto y le dió un mareo, se cayó para atrás y tuvo

Número Identificador
SEN2023_____

un golpe en la parte posterior de la cabeza en el lado izquierdo, lo que lo dejó prácticamente inconsciente. Señala que sus compañeros de celda llamaron al Oficial Pedro Irizarry Santiago, quien dice el recurrente que sabe bien que no usa drogas y que le dieron un pote de "narcan" a su compañero Luis Figueroa Colón, quien, sin saber lo que le ocurrió, le suministro el "narcan". Reclama que no se cumplió con el debido proceso de ley al darle el pote de "narcan", pues para suministrarlo hay que tomar un adiestramiento, y que ningún oficial o persona dentro de las instituciones penales que tenga dicho adiestramiento. Añade, que tiene siete (7) testigos, incluyendo a Luis Figueroa Colón.

El 22 de diciembre de 2022, se emitió un *Informe de Querella de Incidente Disciplinario* que imputa al Sr. Quiñones la violación del Código 139 del Reglamento 9221, entregado al confinado el 27 de diciembre de 2022.  El 13 de enero de 2023, también se le entregó al recurrente una *Citación para Vista Administrativa Disciplinaria* señalada para el 8 de febrero de 2023; esa vista fue reseñalada para el 22 de febrero de 2023 por COVID-19.[1] Celebrada la vista con la comparecencia del imputado, el 22 de febrero de 2023, el DCR emitió una *Resolución* que determinó que se cometió el acto prohibido de "estar bajo los efectos del alcohol o cualquier tipo de bebida embriagante[,] sustancias controladas o medicamentos."[2] Las determinaciones de hechos fueron las siguientes:

> Que el día 21 de diciembre de 2022, el querellante Pedro Irizarry se encontraba en la institución.
>
> Que mientras el querellante se encontraba en el pasillo del control Q fase 2[,] los confinados de la sección roja le informan que hay un confinado inconsciente en el ba[ñ]o.
>
> Que el querellante le suministró dos dosis de Narcan y el querellado respondió.
> Que el querellante le inform[ó] al sargento de turno y se orden[ó] que se llevara al querellado a la Ponce 500 para recibir los servicios médicos.
>
> Que el querellado[,] el día de la vista[,] negó los hechos.[3]

---

[1] Anejo 2 del recurso.
[2] Anejo 6 del recurso.
[3] *Id.*

El DCR encontró incurso al Sr. Quiñones por violación al Código 139 del Reglamento 9221, y le impuso como sanción la suspensión de los privilegios de visita y comisaría por 30 días.[4] El recurrente expone que presentó, el 28 de febrero de 2023, una *Solicitud de reconsideración* y, que fue declarada no ha lugar y se reafirmó la sanción impuesta conforme a las determinaciones de hechos y conclusiones de derecho de la *Resolución* emitida el 22 de febrero de 2023.

Inconforme, el Sr. Quiñones recurre ante este Tribunal de Apelaciones.

**II**

Es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Cuestionada esta, nos corresponde, como deber ministerial, realizar un análisis riguroso sobre nuestra jurisdicción pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

En lo pertinente, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que **"[e]l Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar un auto discrecional **por cualesquiera de los motivos consignados** en el inciso (B) precedente". (Énfasis nuestro). A tales efectos, el inciso (B) de la antes citada regla establece los siguientes motivos:

> **(1) que el Tribunal de Apelaciones carece de jurisdicción;**

---

[4] *Id.*

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico. (Énfasis nuestro). 4 LPRA Ap. XXII-A, R. 83 (B).

### III

La *Resolución de Querella Disciplinaria* emitida el 22 de febrero de 2023 fue notificada en esa misma fecha al Sr. Quiñones. Surge del expediente que el recurrente presentó el 3 de abril de 2023 una *Solicitud de Remedio Administrativo* identificado con el número de solicitud B-575-23. La *Respuesta al Miembro de la Población Correccional* fue la siguiente: "El documento que usted mismo envía dice que fue recibido el día 28 de febrero de 2023 y que tiene un término de noventa (90) días para contestar." Inconforme, el recurrente presentó una *Solicitud de Reconsideración* ante la División de Remedios Administrativos el 21 de abril de 2023 y recibida el 2 de mayo de 2023.

La División de Remedios Administrativos, emitió el 23 de mayo de 2023 una *Respuesta de Reconsideración al Miembro de la Población Correccional*, recibida el 8 de junio de 2023 por el Sr. Quiñones, que denegó la Solicitud de Reconsideración y dispuso lo siguiente:

Al examinar la totalidad del expediente administrativo concluimos confirma r y modificar la respuesta recibida por parte de la Sra. Maribel García Charriez, Evaluadora de remedios Administrativos[,] Oficina de Bayamón.

Sr. Quiñones, su reclamo tiene que ir dirigido a la Sra. Addyth Valle Torres, Encargada, Disciplina de Confinados en el Departamento de Corrección; la Oficina de Remedios Administrativos no tiene jurisdicción en cuanto a los trámites procesales de otros organismos de la Agencia.

Transcurrido el término de treinta (30) días para recurrir de esa respuesta al Tribunal de Apelaciones, que **venció el 10 de julio de 2023**, el recurrente **presentó el recurso ante nosotros el 17 de agosto de 2023**; el recurso redactado ante nosotros fue entregado el 14 de agosto de 2023 a la Institución Correccional, enviado por correo el 15 de agosto

siguiente, y finalmente radicado el 17 de agosto de 2023 ante el Tribunal de Apelaciones, de forma tardía aun tomando dichos términos que son los más beneficiosos a la parte recurrente.

La ausencia de jurisdicción es insubsanable, por lo que no tenemos autoridad para atender el recurso, y debemos desestimar el recurso por tardío.

**IV**

Se desestima el recurso por falta de jurisdicción por tardío.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones